OGDEN *v.* WATTS.

4-2738

Opinion delivered November 21, 1932.

*Gentry & Gentry,* for appellant.

SMITH, J. On May 21, 1921, Henrietta Colter, being indebted to Emma Anderson, executed a note to evidence the debt and a mortgage, of even date, to secure its payment one year after date. The mortgagor died intestate and childless on December 9, 1929. After executing the note and mortgage, the mortgagor married Preston Watts, who furnished his wife the money with which to pay the note, but he took no assignment thereof until December 14, 1929, which was subsequent to the date of the death of his wife. On the last-mentioned date Watts took an assignment of the note and mortgage to himself, and on September 2, 1931, brought suit against the heirs of his wife to foreclose the mortgage. No payments had been indorsed upon the note.

An answer was filed by Ogden, who alleged that he had acquired the interests of the heirs of Henrietta Colter. This answer alleged the note was barred by the statute of limitations. Other defenses were also set up, which we do not consider, as, in our opinion, the suit was barred by the statute of limitations at the time it was filed.

The court below found that the note was barred by the statute of limitations at the time it was paid, but it appears to have been the view of the chancellor that, having furnished the money with which to pay the note and the mortgage at the request of his wife, the mortgagor, plaintiff was entitled to a lien on the land for the money paid, against which sum the rent of the property subsequent to the death of plaintiff's wife was charged him and credited on the debt claimed by him, and this appeal is from that decree.

It is conceded that, under act 149 of the Acts of 1925, page 441, entitled, ''An act to abolish curtesy in this State,'' the plaintiff—the husband—had an interest in

the mortgaged property upon the death of his wife intestate, and that to protect this interest he had the right to be subrogated to any subsisting lien which he was required to discharge, and had discharged, to protect that interest. He was not a volunteer. *Charmley* v. *Charmley,* 125 Wis. 297, 103 N. W. 1106, 110 Am. St. Reps. 827; *Spurlock* v. *Spurlock,* 80 Ark. 37, 96 S. W. 753; *Jefferson* v. *Edrington,* 53 Ark. 545, 14 S. W. 903; *McDaniel* v. *Conlan,* 134 Ark. 519, 204 S. W. 850.

It is the law, however, as is very clearly stated in *Charmley* v. *Charmley, supra,* that the right acquired by the party thus subrogated is to use the security just as the original holder thereof might have done, and that "the devolution of such cause of action does not interrupt the running of the statute. Upon the termination of the full statutory period measuring the life thereof, it is destroyed. (Citing many authorities.) To enable a person to see what interest one has in the property of another by the right of subrogation, he must look at the matter from the viewpoint of the original owner before the devolution." The case of *Brown* v. *Nelms,* 86 Ark. 368, 112 S. W. 373, is to the same effect.

The mortgage being barred by the statute of limitations when the husband furnished the money to pay the note it secured, the lien thereof was not extended, nor was it acquired by subrogation. The lien had been extinguished before the payment was made. The money paid the payee in the note was not a payment on the note, but was a payment of the note, which was then an unenforcible obligation. This payment did not revive the note, nor extend the lien securing it. The husband—the appellee here—acquired therefore no right which he could enforce under this mortgage.

It is to be borne in mind that this proceeding is not one to enforce the husband's rights under the act of 1925, *supra.* Nor is it one to probate a demand against the estate of the deceased wife. We need not therefore consider whether it was barred as such demand. The suit is one to enforce, by subrogation, a mortgage securing a

note, both of which instruments were assigned to the plaintiff, and the question presented is disposed of by holding, as we do hold, that, the note being barred when it was paid, no right of subrogation was acquired by the payment.

The decree of the court below will therefore be reversed, and the cause will be remanded, with directions to dismiss the complaint as being without equity.