**WOLVERINE INSURANCE CO.,**
**Plaintiff, Appellant,**

v.

**TOWER IRON WORKS, INC., Defendant,**
**Appellee.**

**No. 6744.**

United States Court of Appeals
First Circuit.

Heard Sept. 14, 1966.

Decided Dec. 9, 1966.

Philander S. Ratzkoff, Boston, Mass., with whom Roger B. Coulter, William A. Cotter, Jr., and Parker, Coulter, Daley & White, Boston, Mass., were on brief, for appellant.

Lawrence H. Norris, Boston, Mass., with whom Monroe L. Inker and Crane, Inker & Oteri, Boston, Mass., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Massachusetts allowing the defendant's motion for summary judgment and dismissing the complaint on the ground that the plaintiff's claim is barred by the Massachusetts statute of limitations. The basic question presented is when the plaintiff's cause of action accrued.

█ Since the case was disposed of on summary judgment, we take the facts to be as alleged in the complaint and stipulated by the parties. The plaintiff, Wolverine, is a Michigan insurance company suing as assignee and subrogee of an Ohio corporation, Families of Columbus. The defendant, Tower, is a Rhode Island corporation having its principal place of business in Massachusetts. On or before July 5, 1955, pursuant to a contract with Families, Tower designed and installed a swimming pool on premises in Ohio owned by Families. On July 29, 1961, one James T. Duckworth dove into the pool, struck his head, and broke his neck. He brought suit against Families on the ground that the pool was negligently designed. As Families' insurer, Wolverine undertook the defense and notified Tower of the suit with a request that Tower come in and defend. Tower declined, and in July 1964 Wolverine settled with Duckworth for $30,000. Wolverine alleges that the settlement was reasonable and that Families would have been exposed to liability for a much larger amount if the case had been tried.

On November 12, 1965, Wolverine brought this action by filing with the district court a complaint in six counts. The first two counts allege breach of Tower's contract to design and install a pool reasonably safe for swimming and diving. Count three alleges breach of an implied warranty of fitness for the purpose of diving; count four, breach of an implied warranty of merchantability. Counts five and six allege that Tower was negligent in the design and installation of the pool; that, if Families was negligent as to Duckworth, its negligence was secondary or passive, whereas Tower's was primary and active; and that Tower's negligence was the cause of Families' liability to Duckworth.

The district court ruled that whether Wolverine's claim rested on breach of contract or on negligence, its cause of action accrued when the pool was installed in 1955, ten years before the action was brought and six years before Duckworth was injured. Therefore it held that the plaintiff was barred by any applicable period of limitations.

█ As to the counts founded on breach of the contract between Families and Tower, and those charging breach of implied warranties in the contract, we agree with the district court. The maximum time within which such an action can be brought in Massachusetts is six years, Mass.G.L. c. 260, § 2,[1] and it is clear that a cause of action for breach of a sales contract, express or implied, accrues when delivery is made, regardless of the buyer's knowledge of the breach. Boston Tow Boat Co. v. Medford Nat'l Bank, 1919, 232 Mass. 38, 121 N.E. 491, and cases cited therein. See also Mass. G.L. c. 106, § 2–725(2). But we think that counts five and six of the complaint state a cause of action for common law indemnity that would be held, under the substantive law applicable in Massachu-

[1] "Actions of contract, other than those to recover for personal injuries, founded upon contracts or liabilities, express or implied, * * * shall * * * be commenced only within six years next after the cause of action accrues."

setts, to have accrued when Wolverine settled with Duckworth in July 1964.

Since this is a diversity case, we are required to apply the substantive law that would be applied by the courts of Massachusetts, including that state's rules for choosing the applicable law when the law of another state may be involved. Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. The parties here agree that Massachusetts would apply its own statutes to define the time of limitation, but they disagree as to what law would be taken as establishing the time of accrual. The plaintiff contends that the complaint states a cause of action for a common law right of indemnity between two tort-feasors not *in pari delicto,* and that under the well-settled conflicts rule the substantive aspects of that right, including the time of its accrual, are governed by the law of the place of the tort. Northwest Airlines, Inc. v. Glenn L. Martin Co., D.Md., 1958, 161 F.Supp. 452. The defendant counters that the plaintiff's claim is for nothing more than consequential damages for breach of contract, so that the substantive aspects are governed by the law of the forum in which a remedy is sought; and that in any event the time of accrual is a procedural matter relating to limitation, for which Massachusetts would look to its own law regardless of the source of the substantive right involved. We conclude that under either theory the result would be the same.

I

Assuming first that the Massachusetts courts would look to Ohio law, it appears that Ohio recognizes the proposition advanced by the plaintiff here: that when a landowner, without active fault on his part, becomes liable for injuries to a third person arising from an unsafe condition of the land caused by negligence of the defendant, he may recover over from the defendant to the full extent of his liability. E. g., Maryland Casualty Co. v. Frederick, 1944, 142 Ohio St. 605, 53 N.E.2d 795; Globe Indemnity Co. v. Schmitt, 1944, 142 Ohio St. 595, 53 N.E.2d 790, followed, Ohio Fuel Gas Co. v. Pace Excavating Co., Ohio Ct.App., 1963, 187 N.E.2d 89. Such cases frequently articulate as a rationale that the defendant by his negligent act has "exposed" plaintiff to liability. This rationale would indicate that a landowner's right to recover over arises when his land has been made unsafe. On analysis, however, it is more accurate to characterize the right as existing whenever, for the benefit of the injured person, recovery is allowed against either of two parties, but as between the two the burden of the recovery ought to be borne by only one. See Allied Mut. Cas. Corp. v. General Motors Corp., 10 Cir., 1960, 279 F.2d 455, 457. So if, as the complaint here alleges, Duckworth's injuries were primarily caused by Tower's negligence, then by paying Duckworth, Wolverine has discharged a duty that ought to have been discharged by Tower, and Ohio law would impose on Tower an equitable duty of restitution. See Prosser, Torts, 3d ed. 1964, § 48.

The parties have not cited and we have not found any Ohio authority dealing with the time of accrual of a cause for common law indemnity.[2] But we think that Ohio would follow the generally accepted and sensible rule that the cause accrues when the potential indemnitee suffers loss by paying the injured person. See Northwest Airlines, Inc. v. Glenn L. Martin Co., supra, 161 F.Supp. at 458–459, and cases cited.

2. The plaintiff urges that we are bound by the decision of the Ohio Court of Appeals for Cuyahoga County in Glagola v. Tarr, 1963, 1 Ohio App.2d 312, 193 N.E. 2d 532, holding that a general contractor's cause for recovery over against its subcontractor for damages caused by defects in a driveway accrued when the general contractor paid the owner, rather than when the driveway was laid. Although for the reasons given in text we might accept the principle of *Glagola,* the decision would be controlling only to the extent that it would be so regarded by the Massachusetts courts.

This conclusion is supported by considering the difficulties posed by the alternatives urged by defendant—that the cause of action accrued when the negligent act was performed or, at the latest, when the injury occurred. As to the first alternative, defendant argues that, if Tower committed any wrong, it was done in 1955, when the pool was installed, and from that time on Families was exposed to the potential liability just as Duckworth was exposed to the potential injury. But clearly it makes no sense to treat Duckworth's cause of action against Tower as accruing before he was actually injured. Similarly, we think, it makes no real sense to treat Families' cause as accruing before then, at a time when the liability is only potential and its nature purely speculative. Any difference in position between Duckworth and Families must rest on the proposition that Families, because of its preexisting relationship with Tower or because of its continuing relationship with the premises, had some better opportunity to preserve its claim within the period of limitations, and some duty to give Tower early notice of the defect in the pool.

No doubt from 1955 on, Families could have brought an action for breach of contract or implied warranty, or perhaps even for a declaratory judgment that Tower had supplied a defective pool. But obviously no such action before 1961 could have established Families' liability to Duckworth as an element of damages. Moreover, since a claim in contract or for breach of implied warranties is established by the fact of defect in the goods without regard to the source of the defect, no such action could have established that negligence of Tower upon which the claim in this case is based. Under these circumstances we are—and

we think the courts of Massachusetts and Ohio would be—"reluctant to punish a litigant for failure to press his claim at an earlier date where, had he done so, he would not have been entitled to a judgment." Southern Maryland Oil Co. v. Texas Co., D.Md., 1962, 203 F.Supp. 449, 453.

Defendant's alternative argument is that the cause of action accrued no later than 1961, when Duckworth was injured, because at that time the nature—if not the extent—of Families' liability became fixed. But we do not think it would be so treated in Ohio. The result rests partly on the characterization of the substantive right to indemnity as an equitable claim arising when the indemnitee pays a judgment or settlement that ought to have been paid by the indemnitor, and partly on considerations of fairness to the indemnitee.

If the period of limitations began to run at the time of injury, Families would face a dilemma of equally unsatisfactory implications. On the one hand, if it were to await suit by Duckworth, it would run the real risk that action would be delayed until its own right to seek indemnity had been cut off.[3] On the other hand, if it were for its own protection to institute an action against Tower without waiting for Duckworth's possible claim to materialize, it would be starting a litigation whose precondition might never come into existence. That is, the injured person might not press his claim, might seek recovery on some ground other than Tower's negligence, or might be barred by some factor (such as contributory negligence) not pertinent to Tower. Under the first horn of this dilemma, the result would be to prevent the proper allocation of loss between tort-feasors; under the second, the result would be the

3. For example, the period of limitations for personal injury actions in Ohio is two years, Ohio Rev.Code Ann. § 2305.10 (Page 1954), and an action is commenced for purposes of the statute of limitations by filing the petition, if service is obtained within a year, Ohio Rev.Code Ann. § 2305.17 (Page Supp.1966). Thus, under Tower's theory that the indemnitee's cause accrues at the date of injury, and that the period of limitations is two years under Massachusetts law, see p. 9–10 infra, it would be possible for the injured person to perfect his claim without giving the indemnitee any notice until a year after the time for commencing suit against the indemnitor has expired.

institution of many ultimately unnecessary lawsuits. Absent authority to the contrary, we will not assume that the courts of Ohio would apply a rule with such undesirable consequences.[4]

█ Furthermore, we do not think it unfair to the potential indemnitor to postpone accrual of the cause for indemnity to the time of payment by the potential indemnitee, because the indemnitor's liability is still limited to a reasonable period after the injury occurred. For example, Tower would not be liable if Duckworth had not brought his action against Families within the applicable period of limitations, since Duckworth could not then have recovered from Families. And Tower would not be liable if Families (Wolverine) had not brought its action within the applicable period after settlement. Thus, Tower's liability continues no longer than the two periods plus some time between institution of Duckworth's suit and settlement.

If this extension of liability seems unfortunate in policy, we think the remedy for it is not judicial construction of statutes drawn with other causes in mind, but rather legislative action directed at the specific problem. See, e. g., Ohio Rev.Code Ann. § 2305.131 (Page Supp. 1966), providing that any action against an architect or engineer for injury arising from the defective condition of an improvement to real property must be brought within ten years after performance by the defendant.

### II

Assuming that the Massachusetts court would apply its own law, it seems clear again that the complaint states a claim for a recognized right of indemnity. See Hollywood Barbecue Co. v. Morse, 1943, 314 Mass. 368, 50 N.E.2d 55; Churchill v. Holt, 1879, 127 Mass. 165; Gray v.

Boston Gas Light Co., 1873, 114 Mass. 149. For the reasons elaborated above we would hold that Massachusetts would treat the cause as accruing upon payment of Duckworth's claim, except that the district court relied on what it thought to be contrary authority in Massachusetts.

In Capucci v. Barone, 1929, 266 Mass. 578, 165 N.E. 653, two consolidated actions of tort for malpractice of a surgeon, one by the patient for personal injuries and the other by her husband for medical and other expenses occasioned by the injury, were held barred by the statute of limitations. The applicable statute was Mass.G.L. c. 260, § 4, providing that actions of (*inter alia*) tort for malpractice against surgeons could be brought only within two years after the cause of action accrued. The declarations alleged that the defendant had negligently left a sponge in the plaintiff wife's abdominal cavity after an operation performed in 1924; that the sponge had been discovered in 1926; and, of course, that damage had resulted from the negligence. The action was commenced in 1926. The Supreme Judicial Court held that the wife's cause of action accrued in 1924, when the defendant by his negligence broke his implied undertaking to use care in the performance of the operation, and not when the actual damage resulted or was ascertained. As to the husband, the court remarked: "The rights of the husband * * * are also barred by the statute", citing Mulvey v. Boston, 1908, 197 Mass. 178, 83 N.E. 402.

In *Mulvey* the plaintiff sought to recover for loss of services and medical expenses incident to an injury to his wife caused by the defendant's negligence. The court held that his action was barred by the statute of limitations for "actions of tort for injuries to the person, against

---

4. It would be consistent with this analysis to treat the cause as accruing upon institution of Duckworth's suit, since at that point Families' uncertainty is resolved and the risk of a needless action is slight. But we would hesitate to apply such a rule here for three reasons. First, neither party has argued that that is the ap-

propriate time. Second, the record does not disclose when Duckforth's suit was instituted, except that it must have been sometime between July 1961 and July 1964. And finally, we have found no state authority for such a rule, while many jurisdictions treat the time of payment as the time of accrual.

* * * cities * * * ", Mass.Stat.1902, c. 406, because the language of the statute was "broad enough to include all actions of tort founded on injuries to the person of any one in such relations to the plaintiff that the injury causes him damage." 197 Mass. at 180, 83 N.E. 402.

The defendant here argues that *Mulvey* and *Capucci* taken together establish (a) that Wolverine's claim for indemnity is an action to recover for personal injuries within the meaning of Mass.G.L. c. 260, § 2A, which provides that " * * * actions of tort, [or] actions of contract to recover for personal injuries, * * * shall be commenced only within two years next after the cause of action accrues", and (b) that the cause accrued simultaneously with Duckworth's—that is, in 1961, more than two years before this action was commenced. But, assuming that the two-year period is applicable to Wolverine, we are not persuaded that Wolverine's cause would be treated as analogous to the cause of a husband suing for injuries suffered by his wife.

In *Mulvey*, in discussing whether the husband had a reasonable time in which to bring his action, the court said:

> "A claim for personal injury is one about which the claimant cannot fail to have full knowledge in ordinary cases. The bringing of an action on such a claim is not a matter of complication, but is a very simple proceeding that requires no considerable time." 197 Mass. at 183, 83 N.E. at 404.

This proposition is undoubtedly true when the claimant is the husband of the person injured. He is in as good a position as his wife to know immediately the details of the injury. His liability for the consequential expenses does not depend on a determination of his or anyone else's negligence, but rather follows automatically from his relation to the person injured. But, as we have already noted, a plaintiff like Wolverine or Families is in a far poorer position to know about

the injury or to ascertain the extent of its liability. And the difference is significant, because it bears on Wolverine's opportunity to press its claim against Tower within the period of limitations. Moreover, if a husband's action accrued upon payment, he could always recover for his wife's injuries long after she would be barred. But, as we have explained above, the action of an indemnitee like Families is limited in the first place by the time in which the injured person could sue it.

We conclude that in *Capucci* and *Mulvey* the Massachusetts court had in mind only the narrow situation where the plaintiff and the injured person are reasonably to be treated as if they were one and their claims were identical, and we doubt that their rule of limitation would be applied outside that situation. We are bolstered in our doubt by the language of Pasquale v. Chandler, Mass., 1966, 215 N.E.2d 319, where the Supreme Judicial Court intimated that it would be disposed to reject the rule of *Capucci* as applied to the person injured, let alone the "indemnitee", except that it construed the legislature as having approved the rule in reenacting the statute limiting malpractice actions (Mass.G.L. c. 260, § 4).

The parties here have not cited, nor have we found, other Massachusetts authorities dealing with the time of accrual of a cause for indemnity. Therefore, we think for the reasons elaborated in our discussion of Ohio law that Massachusetts too would treat the cause as accruing upon payment of Duckworth's claim, in July 1964. Since the complaint was filed in 1965, this action was commenced within the shortest applicable period of limitation, with respect to the claim stated in counts five and six of the complaint.[5]

Finally, since the judgment of the district court must be reversed under the substantive law of Ohio or that of Massachusetts, we have no occasion for de-

---

5. Our decision, of course, relates only to the accrual of the cause of action as matter of law. The plaintiff may find that the passage of time will place a heavy factual burden upon it to escape the consequences of intervening negligence. See, e. g., Cross v. M. C. Carlisle & Co., 1 Cir., 1966, 368 F.2d 947, 952.

ciding which law would be applied in Massachusetts.

Judgment will be entered vacating the judgment of the District Court and remanding the action for further proceedings not inconsistent herewith.