**AETNA CASUALTY & SURETY COMPANY,**
Appellant,

v.

**Richard T. WINDSOR, Appellee.**

No. 8421.

District of Columbia Court of Appeals.

Argued Oct. 24, 1974.

Decided March 12, 1976.

Kathleen F. O'Reilly, Washington D.C., with whom Charles E. Pledger, Jr., and John F. Mahoney, Jr., Washington, D.C., were on the brief, for appellant.

Charlotte B. Hallam, Washington, D.C., for appellee.

Before REILLY, Chief Judge, and GALLAGHER and NEBEKER, Associate Judges.

GALLAGHER, Associate Judge.

This is an appeal from the dismissal of an action instituted by appellant Aetna Casualty & Surety Company (Aetna) against appellee Windsor under the subrogation doctrine. Aetna sued to recover the amount of a payment made to its policyholder, Great Atlantic & Pacific Tea Company (A & P) in accordance with a commercial fidelity insurance policy under which Aetna agreed to indemnify A & P for losses sustained as a result of false or dishonest acts of its employees. The loss to A & P arose when its employee Windsor robbed several A & P stores on or before December 1, 1969. Aetna paid A & P the sum of $18,501.46, and became subrogated for this amount.

The only issue here is whether Aetna's complaint of April 6, 1973, was filed within the period of the three year statute of

limitations.[1] More particularly, this case presents the question of when the statute of limitations begins to run in an insurer's cause of action in subrogation.

Appellee Windsor contends that Aetna is in the same position as its subrogor-insured for all purposes and consequently, the cause of action having accrued for A & P in December, 1969, when the robber was dismissed from employment upon his arrest, appellant is barred by the three-year statute of limitations.

It is Aetna's position, on the other hand, that the claim accrued as to Aetna in late 1970 when it reimbursed A & P; and that the statute began to run at that time for Aetna, bringing its suit within the limitation period. This position is apparently grounded upon the position that although Aetna's cause of action grew out of the same occurrence, it is separate and distinct from that of A & P and that the statutory period is likewise different.

While this question does not appear to have been squarely decided in this jurisdiction,[2] the Eighth Circuit recently considered the issue in *Williams v. Globe Indemnity Company,* 507 F.2d 837 (8th Cir. 1974), *cert. denied,* 421 U.S. 948, 95 S.Ct. 1679, 44 L.Ed.2d 101 (1975).[3]

In that case, an employer was covered by a blanket crime policy which is essentially the same as the fidelity policy here at issue; and the insurer, Globe Indemnity, paid the employer an amount embezzled by an employee. Globe brought suit against the embezzler more than the statutory three years after notice of the loss but less than three years after the insurance claim had been paid.

1. D.C.Code 1973, § 12–301(2).

2. The parties cite no such decision and we are not aware of any.

3. *See also Pacific Employers Ins. Co. v. Hartford Acc. & Indem. Co.,* 228 F.2d 365 (9th Cir. 1955), *cert. denied* 352 U.S. 826, 77 S.Ct. 38, 1 L.Ed.2d 49 (1956) (dictum); *National Hills Shop. Ctr. v. Ins. Co. of No. Am.,* 320 F.Supp. 1146 (S.D.Ga.1970);

On appeal, the contentions made by the parties were the same as those made here:

Globe [the insurer] contends that, notwithstanding foreclosure of the [insured] employer, its own cause of action did not "accrue" under the statute until its payment to [the insured]. Since suit was brought within three years of that date, it argues that the District Court was correct in holding that its action was not barred. The appellant contends, on the other hand, that Globe is suing solely in its capacity as subrogee of the rights of the employer, and that it is settled law that a subrogee can acquire no more rights against a third party than are held by its subrogor. Hence, he argues, Globe is subject to the identical bar under the statute as was its subrogor . . . and having failed to bring the action within three years of the discovery of the embezzlement, Globe's cause of action is barred. [507 F.2d at 838.]

The court held:

The theory of subrogation is that the subrogee steps into the shoes of his subrogor. As such, he takes subject to all defenses which the third party could have asserted against the subrogor, *including the statute of limitations:*

Since the insurer's claim by subrogation is derivative from that of the insured, *it is subject to the same statute of limitations* as though the cause of action were sued upon by the insured. * * *

16 Couch, Insurance 2d, § 61.230 at 367 (1966) (footnotes omitted). [507 F.2d at 839, emphasis added.]

*Fishel's Fine Furniture v. Rice Food Market,* 474 S.W.2d 539 (Tex.Civ.App.1971). Other cases which may at first glance appear to be to the contrary are distinguishable. *See, e. g., Pennwalt Corp. v. Metropolitan San. Dist. of Gr. Chicago,* 368 F.Supp. 972 (N.D. Ill.1973); *Tel-Twelve Shop. Ctr. v. Sterling Garrett Constr. Co.,* 34 Mich.App. 434, 191 N.W.2d 484 (1971).

In *Globe,* the insurance company also asserted that it had rights against the employee under an implied contract of indemnity which arose when the insurance company paid the employer and that only then did the embezzling employee become obligated to reimburse the insurance company. The court rejected this argument and decided, in substance, that the duty of the insurer to pay arises solely out of its contract with its insured and not by reason of any special relationship with the employee; and that as a result the rights acquired by the insurer upon payment are solely derivative rights of subrogation.

 The action before us is not, as appellant Aetna contends, one in indemnity and therefore subject to the rule that an indemnitee's claim does not accrue until his liability is fixed as a result of judgment against him or payment by him. *See, e. g., United New York Sandy Hook Pilot's Ass'n v. Rodermond Industries,* 394 F.2d 65, 75 (3d Cir. 1968). Aetna was a contractual indemnitor with respect to its insured, A & P, but had no indemnity relationship with defendant-appellee Windsor. The nature of an insurer's subrogation action and the applicable statute of limitations is described in Moore's Federal Practice which deals with the subject in the context of Fed.R.Civ.P. 14, the third-party practice rule.[4]

The determination of the applicable statute of limitations in cases where subrogation is the basis of the third-party claim is best explained by way of illustration. A shipper of goods damaged in transit sues his insuer on a policy covering damage to the shipment. If the insurer is found liable to the shipper on the policy, the insurer may then assert, through subrogation, whatever claim the shipper had against the carrier, *but must do so within the statute of limitations governing the shipper's claim against the carrier.* [Fed.R.Civ.P.] Rule 14 allows

the insurer, when sued by the shipper, to implead the carrier on the basis of the subrogation claim; but because the insurer's third-party claim is based on the shipper's rights, the third-party complaint must be brought before the shipper's action against the carrier has been barred by the statute of limitations. [3 J. Moore, Federal Practice ¶ 14.09 at 14–248 (2d ed. 1974) (footnotes omitted) (emphasis added).]

 So it is here. Aetna stood in the shoes of A & P and took no rights other than those A & P had and, at the same time, was subject to all defenses which the employee could have asserted against A & P, including the statute of limitations.

This being so, the trial court in this case correctly granted the motion to dismiss the complaint.

*Affirmed.*

---

4. The fact that Aetna's claim was asserted in a separate action rather than by way of impleader is of no consequence to the statute of limitations question.