Lockhart vs. Yeiser & Co.

CASE 58—MOTION—SEPTEMBER 20.

# Lockhart vs. Yeiser & Co.

APPEAL FROM BOYLE CIRCUIT COURT.

1. The lapse of fifteen years, without issuing an execution, will bar any further proceedings on the judgment; and if another execution is issued thereon, the court ought to quash it upon motion.

2. The amendment to chapter 63 of the Revised Statutes, approved May 31, 1865 (*Myers' Sup.*, 295), is constitutional.

DURHAM & JACOBS,                    For Appellant,

CITED—

5 *B. M.*, 564; *Lewis vs. Harbin, &c.*

9 *B. M.*, 300; *Gaines vs. Gaines.*

3 *Met.*, 255; *Hedger vs. Rennaker.*

4 *Met.*, 72; *Chiles vs. Thomas.*

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Execution on the judgment of appellees against appellant was first sued out September 10th, 1851, and returned by the proper officer " no property found " the same day. No other execution was sued out until December 11th, 1866, some fifteen years and three months having elapsed since the return of the first execution. That the case falls within the amendment to chapter 63 of Revised Statutes, approved May 31st, 1865 (*Myers' Sup.*, 295), there can be no doubt.

By the third section of this amendment it was not to take effect for one year; but, when it went into operation, it was to have a retrospective bearing; that is, the limitation of fifteen years was to apply to judgments and execution.

One year was a reasonable time to give all parties that they might prosecute their suits and avoid the effect of the statute.   At least we cannot say it was unreasonable, and denounce the statute as conflicting with the Constitution for that reason.   Prospective limitation acts have been heretofore upheld by this court, and have always been so sanctioned when reasonable time was allowed before they went into operation.

Appellees were barred by lapse of time, and the execution sued out upon their judgment should have been quashed.

Wherefore, the judgment is reversed, with directions to the court below for further proceedings consistent herewith.