PATRICK MULVEY *vs.* CITY OF BOSTON.

Suffolk. March 15, 1907. — January 14, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Limitations, Statute of. Statute. Municipal Corporations. Constitutional Law. Words,* "For," "Injury to the person."

The provision of St. 1902, c. 406, that "actions of tort for injuries to the person against counties, cities and towns, shall be commenced within two years next after the cause of action accrues, is not restricted to actions for injuries to the person of the plaintiff, and includes an action at common law brought by a husband against a city for the loss of the services and society of his wife and the expenses for medical attendance resulting from injuries to her person caused by the negligence of employees of the water department of the defendant.

It is a general rule in the construction of statutes that they are intended to operate prospectively and not retroactively, and therefore that in the absence of an express provision to that effect they do not relate back so as to affect existing rights of property, but, in the prospective operation of a statute dealing only

with remedies and the enforcement of rights, the future procedure under the new legislation is as applicable to previously existing substantive rights as to those afterwards acquired.

Statutes of limitation, where they contain no language clearly limiting their application to causes of action arising in the future, are construed to apply as well to causes of action which already have accrued as to those which may accrue afterwards, if sufficient time has been allowed between the passing of the act and the time fixed for the new limitation to take effect to afford full opportunity for all persons having such causes of action to bring their suits.

St. 1902, c. 406, provides that " actions of tort for injuries to the person against counties, cities and towns, shall be commenced within two years next after the cause of action accrues." Under statutes previously in force such actions were barred only by the lapse of six years, and this statute took effect under the general law thirty days after its passage. *Held,* that, assuming that rights of action against counties, cities and towns for injuries to the person which had accrued at the time of the passage of the act were sufficiently rights of property to be entitled to protection under some of the provisions of the Declaration of Rights, the statute is not made unconstitutional by construing it to apply to such pending actions, because thirty days is not such an unreasonably short time for the bringing of suits in this Commonwealth on existing rights of action that the Legislature cannot prescribe that limit constitutionally.

TORT at common law against the city of Boston by the husband of Hannah Mulvey for the loss of her services and society and the expenses of medical attendence upon her resulting from an injury to her person on December 17, 1901, in a private way, due to the alleged negligence of employees of the water department of the defendant. Writ dated December 15, 1905.

The defendant pleaded among other things the statute of limitations.

At the trial in the Superior Court before *DeCourcy,* J., the defendant asked the judge to order a verdict for the defendant on the ground that the action was not brought within the time prescribed by law. The judge thereupon ordered a verdict for the defendant on that ground, and reported the case for determination by this court. If the ruling was right, judgment was to be entered for the defendant; if the ruling was wrong, by agreement of the parties judgment was to be entered for the plaintiff in the sum of $500.

The case was submitted on briefs at the sitting of the court in March, 1907, and afterwards was submitted on briefs to all the justices.

*C. Toye,* for the plaintiff.

*P. Nichols,* for the defendant.

KNOWLTON, C. J. The report in this case presents the single question whether the plaintiff's action is barred by the statute of limitations. The action is by a husband, to recover for the loss of services of his wife and for the expenses of her illness resulting from an injury received by her through the alleged negligence of the defendant's servants. By the St. of 1902, c. 406, the statute of limitations was so amended as to require that " actions of tort for injuries to the person, against counties, cities and towns, shall be commenced only within two years next after the cause of action accrues." Under the statute previously in force such actions were barred only by the lapse of six years. R. L. c. 202, § 2, cl. 2.

The injury to the plaintiff's wife, on which his action is founded, was an injury to her person. The first question to be determined is whether the husband's action is for an injury to the person within the meaning of the statute. The language of the statute is not restricted to actions for injuries to the person of the plaintiff, and we think it is broad enough to include all actions of tort founded on injuries to the person of any one in such relations to the plaintiff that the injury causes him damage. There is nothing in the context to indicate that the words are used in a narrow sense, or that the actions referred to are only those brought by the person receiving the physical impact. The word " for " is used in its ordinary signification of " on account of," " because or by means of," or " growing out of." See *Strong* v. *Sun Ins. Co.* 31 N. Y. 103; *State* v. *Cornell*, 54 Neb. 647, 655. The term " action for a personal injury," or " for an injury to the person," has been given a meaning broad enough to include the present case in the following decisions: *Maxon* v. *Delaware, Lackawana & Western Railroad*, 112 N. Y. 559, *Hutcherson* v. *Durden*, 113 Ga. 987, *Bennett* v. *Bennett*, 116 N. Y. 584, 587, *Williams* v. *Williams*, 20 Col. 51, *Wightman* v. *Devere*, 33 Wis. 570, and *New* v. *Southern Railway*, 116 Ga. 147. While some of these cases may go further than we should be willing to follow, we have no hesitation in deciding that the present is an action for a personal injury, within the meaning of the statute.

In ascertaining the meaning of statutes it is a general rule that they are intended to operate prospectively and not retroac-

tively. It follows, therefore, that, in the absence of an express provision to that effect, they do not relate back, to change previously existing substantive rights of property. Most such rights cannot constitutionally be affected by legislation. But in the prospective operation of a statute which deals only with remedies and the enforcement of rights, the future procedure under the new legislation is as applicable to previously existing substantive rights as to those afterwards acquired. Statutes of limitation relate only to the remedy; and they control future procedure in reference to previously existing causes of action. This is the general rule in regard to such statutes, where they contain no language clearly limiting their application to causes of action arising in the future. In *Brigham* v. *Bigelow*, 12 Met. 268, 275, Chief Justice Shaw said, in regard to a change of the statute of limitations, "If, then, the statute has no effect on the contract which is passed when it is made, but only on the remedy which is then future, it has no retrospective operation and cannot be avoided on that ground." In *Darling* v. *Wells*, 1 Cush. 508, 510, we find these words: "The whole effect of the new statute was prospective, as it regarded an action to recover an existing debt not barred at the time, and therefore it was not open to the objection against retroactive laws." To the same effect is *Loring* v. *Alline*, 9 Cush. 68, in which Chief Justice Shaw said, "Indeed, we think it the common practice and open to no objection, in passing a statute of limitation, to make it apply as well to causes of action which have already accrued as to those which may afterwards accrue, if sufficient time be allowed between the passing of the act and the time fixed for the limitation to afford a full and ample time to all persons having such causes of action to commence their suits." Other cases in which the same principle is applied are, *Smith* v. *Morrison*, 22 Pick. 430; *Wright* v. *Oakley*, 5 Met. 400, 407; *Willard* v. *Clark*, 7 Met. 435; *O'Gara* v. *Neylon*, 161 Mass. 140; *Bigelow* v. *Bemis*, 2 Allen, 496.

The case of *King* v. *Tirrell*, 2 Gray, 331, relied on by the plaintiff, is not at variance with this doctrine. The statute considered in it, reducing the time within which certain actions could be brought, applied as well to existing as to future causes of action. This is made plain in *Bigelow* v. *Bemis*, 2 Allen, 496.

The language of the act was held applicable only to cases in which the bond of the executor or administrator was given subsequently to the enactment; but in all such cases the new limitation of time applied to causes of action existing before the enactment as well as to those accruing afterwards. This provision of the statute was changed by the St. 1855, c. 283, so as to exclude from the limitation pre-existing causes of action, and this last act was subsequently repealed by the Gen. Sts. c. 182.

The only difficult question in the present case arises from the fact that there might be claims which had existed without suit nearly two years before the act took effect, and which would therefore be barred by the statute quickly. Upon these a suit could be brought, after the passage of the act, only during the period of thirty days between the time of its passage and the time of its taking effect. There is ground for an argument that this time is too short to be reasonable, and that a statute limiting the rights so closely would be unconstitutional. It may be contended, either that the statute must be construed as not applying to existing causes of action because the Legislature must have intended it to have a meaning which would leave it valid, or, if it is given a different meaning, that it must be set aside as unconstitutional.

A statute declaring that a period already elapsed should bar an action upon a contract would be an arbitrary destruction of contractual rights, and would be unconstitutional. *Brigham* v. *Bigelow*, 12 Met. 268, 273. *Sanford* v. *Hampden Paint & Chemical Co.* 179 Mass. 10, 14. *Sohn* v. *Watterson*, 17 Wall. 596. *Terry* v. *Anderson*, 95 U. S. 628. *Turner* v. *New York*, 168 U. S. 90. *Saranac Land & Timber Co.* v. *New York*, 177 U. S. 318. *Wilson* v. *Iseminger*, 185 U. S. 55. *Soper* v. *Lawrence*, 201 U. S. 359, 369, 370. But if a reasonable time is allowed within which an action may be brought after the passage of the statute, the act is unobjectionable. Most of the cases in which this constitutional question is discussed refer to that provision of the Constitution of the United States which forbids the passing of laws "impairing the obligation of contracts." Art. 1, § 10. The question might be raised under art. 14 of the amendments of the Constitution, which provides that no State shall "deprive any person of life, liberty or property without due pro-

cess of law." A claim in an action of tort for a personal injury plainly would not come within the first of these constitutional provisions. Whether it would come within the second, or any other, may not be free from doubt. In some senses of the word such a claim is not property. It is not assignable, and it cannot be appropriated by creditors in proceedings in bankruptcy or insolvency. At common law it does not survive, although it does under our statute. R. L. c. 171, §1. But at common law it is a valuable personal right. If we treat it as within the protection of some of the broad provisions of the declaration of rights in the constitution of Massachusetts, we come to the question whether thirty days is so plainly an unreasonably short time to allow for the bringing of an action to one who has held his claim nearly two years without carrying it into court, that the Legislature cannot constitutionally prescribe a limitation to this period.

In *Smith* v. *Morrison,* 22 Pick. 430, 433, the court said, " Whether the time allowed for creditors to commence their actions was a reasonable time or not was a question within the exclusive province of the Legislature to determine." In *Wilson* v. *Iseminger,* 185 U. S. 55, there is a more accurate statement, as follows : " What shall be considered a reasonable time must be settled by the judgment of the Legislature, and the courts will not inquire into the wisdom of its decision in establishing the period of legal bar, unless the time allowed is manifestly so insufficient that the statute becomes a denial of justice."

A claim for a personal injury is one about which the claimant cannot fail to have full knowledge in ordinary cases. The bringing of an action on such a claim is not a matter of complication, but is a very simple proceeding that requires no considerable time. There are very important reasons why claims of this kind, if intended to be enforced, should be presented promptly. So strong are these reasons that we have had, for many years, statutes providing that, if formal proceedings are not taken for the enforcement of the remedy within thirty days, and in some cases within sixty days, the right is lost. This has long been the law as to all claims against cities and towns and other corporations for injuries received from defects in highways, as to claims for personal injuries under the employers' liability act, and for injuries resulting in death without conscious suffering,

and perhaps for some others. R. L. c. 51, §§ 20, 21; c. 106, § 75. These are in the nature of statutes of limitation of all such claims, which make it necessary to begin proceedings to enforce them within thirty days, or sixty days, as the case may be, by giving a notice in writing. The validity of these statutes has been upheld in many decisions. They are legislative declarations that thirty days is a reasonable time within which to be obliged to commence proceedings upon such claims against counties, cities and towns, if they are to be enforced.

It has also been a part of the policy of our law, for many years, that, in the absence of a special provision to the contrary, new laws affecting important rights of the person or of property shall take effect at the expiration of thirty days from the time of their passage. R. L. c. 8, § 1. The reasonableness of the limitation, in a statute like that before us, depends largely upon the place, and its geographical extent and condition. The time given in such a statute in the small State of Massachusetts, covered with railroads, and postal and telegraph lines, and full of newspapers, might be quite reasonable, when five times as long might be needed in some of the western or southern States. *McGahey* v. *Virginia*, 135 U. S. 662, 707. In *The Ydun*, [1899] P. D. 236, the English court of appeal held that a statute limiting an existing cause of action to twenty-six days was controlling. This, of course, was not under a written constitution, but the principle involved was similar to that which should govern us.

The fact that the time allowed under this statute is the thirty days between the passage of the law and the day when it takes effect, instead of the same length of time expressly given by the terms of the act, is immaterial. This point is covered by the decisions in *Smith* v. *Morrison*, 22 Pick. 430, and *Bigelow* v. *Bemis*, 2 Allen, 496. See also to the same effect, *Stine* v. *Bennett*, 13 Minn. 153; *Duncan* v. *Cobb*, 32 Minn. 460; *Korn* v. *Browne*, 64 Penn. St. 55; *Clay* v. *Iseminger*, 187 Penn. St. 108; *S. C. sub nom. Wilson* v. *Iseminger*, 185 U. S. 55; *Hedger* v. *Rennaker*, 3 Met. (Ky.) 255, 258; *Lockhart* v. *Yeiser*, 2 Bush, 231; *Eaton* v. *Supervisors*, 40 Wis. 668; *Horbach* v. *Miller*, 4 Neb. 31; *Wrightman* v. *Boone County*, 82 Fed. Rep. 412; *Merchants National Bank* v. *Braithwaite*, 7 N. D. 358, 372; *Osborne* v. *Lindstrom*, 9 N. D. 1, 8.

There are decisions in distant jurisdictions where conditions are different from those in Massachusetts, some of which hold that a longer time than thirty days within which one may sue is necessary to the validity of the statute. *Berry* v. *Ramsdall*, 4 Met. (Ky.) 292. *Lamb* v. *Powder River Live Stock Co.* 132 Fed. Rep. 434. See *Stine* v. *Bennett*, 13 Minn. 153; *Smith* v. *Packard*, 12 Wis. 371, 412; *Horbach* v. *Miller*, 4 Neb. 31; *Myers* v. *Wheelock*, 60 Kans. 747; *Power* v. *Kitching*, 10 N. D. 254; *Wheeler* v. *Jackson*, 137 U. S. 245. The cause of action in the present case was not barred until the expiration of one year and seven months after the statute was passed. Probably only a few persons in the State were so situated as to be limited by the act to thirty days for the bringing of an action upon any existing cause of action. A majority of the court are of opinion that the statute is not unconstitutional because such persons were so limited by it. The argument that the Legislature intended to apply it only to causes of action arising in the future, because otherwise it would be unconstitutional, cannot prevail.

*Judgment for the defendant.*