## Penn Cress Ice Cream Company v. American Casualty Company of Reading.

*W. L. Hibbs, C. H. Kurtz* and *R. A. Henderson*, for plaintiff.
*Hare & Hare*, for defendant.

PATTERSON, P. J., October 31, 1930.—The parties to this action agreed in writing to a case stated for the opinion of the court in the nature of a special verdict.

*Statement of facts.*

The American Casualty Company of Reading, Pennsylvania, the defendant, executed a policy of automobile liability insurance on the truck of the Penn Cress Ice Cream Company, plaintiff. On April 16, 1925, Thomas Martin Ferguson, aged seventeen years, was struck and injured by plaintiff's truck while it was being negligently operated by plaintiff's employee, for which injury an action of trespass was instituted against the Penn Cress Ice Cream Company, in which the father and mother of Thomas Martin Ferguson claimed damages for loss of earnings of their son until he arrived at the age of twenty-one years, and for hospital and doctor bills, and the son, Thomas Martin Ferguson, by his father as next friend, claimed damages for pain and suffering and for loss of earning power after arriving at the age of twenty-one years. The defendant in this action, the American Casualty Company, by its counsel, appeared for the defendant, the Penn Cress Ice Cream Company, in said action of trespass, and without the consent of the Penn Cress Ice Cream Company settled with Thomas Martin Ferguson, by his father and next friend, for the damages sustained, and the said action, as far as Thomas Martin Ferguson individually was concerned, was marked "settled" of record, whereupon the said American Casualty Company, through its

counsel, withdrew from said action. The agreement of settlement between the American Casualty Company and Thomas Martin Ferguson, by his father and next friend, provided in part as follows:

"It is further the intention of this agreement and release to forever remise, release, quitclaim and discharge the American Casualty Company, its successors or assigns, of and from any liability for all claims and demands of the plaintiffs herein for or on account of the cause of action or actions set forth in both paragraphs (a) and (b) of the statement in this suit, without affecting in any way the right of the said Finley L. Ferguson and May Ferguson, his wife, to prosecute their claim against only the Penn Cress Ice Cream Company, set forth in paragraph (b) of said statement."

The Penn Cress Ice Cream Company was not a party to said agreement, nor did it consent to the same. Four thousand dollars was paid under this agreement.

The father and mother of said minor proceeded in said trespass suit to recover their claim for loss of earning power and expenses and did, on May 20, 1929, recover before a jury a verdict in the sum of $1293.59, upon which judgment was entered and subsequently paid by the Penn Cress Ice Cream Company, the present plaintiff. This suit is instituted by the plaintiff, the Penn Cress Ice Cream Company, to recover the amount of said verdict against the American Casualty Company of Reading, insurer. The part of the policy relied upon is as follows:

"AMERICAN CASUALTY COMPANY
of Reading, Pennsylvania
(Hereinafter called the Company)

"In Consideration of the Premium and the statements as set forth in the attached Warranties, which statements the named Assured makes and declares to be true by the acceptance of this Policy,

*"Does hereby agree*

"I. To indemnify the person, firm or corporation named in the attached Warranties (hereinafter called the named Assured), against loss from the liability imposed by law upon the Assured, for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered or alleged to have been suffered by any person or persons not hereinafter excepted, by reason of the ownership, maintenance or use for the purpose named in the Warranties of any Automobile insured herein.

"II. To defend at its own cost and in the name and on behalf of the Assured, any legal proceedings, even though groundless, that might be instituted against the Assured to enforce a claim covered by this Policy, for damages on account of bodily injuries, including death resulting therefrom, suffered by any person or persons not hereinafter excepted.

"III. To pay all expense of the Company's investigation and adjustment of claims; all costs taxed against the Assured in any legal proceedings and instituted against the Assured to enforce a claim covered by this Policy; and the interest accruing on that part of the verdict or judgment that is not in excess of the policy limits.

"IV. To pay for such immediate medical and surgical relief as is imperative at the time of the Accident, except for injuries to the Assured."

*Question of law involved.*

Does that part of the policy contained in paragraph one, which reads as follows, "Against loss from the liability imposed by law upon the assured

for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered or alleged to have been suffered by any person or persons not hereinafter excepted," impose upon the defendant company, the insurer, the liability to pay the Penn Cress Ice Cream Company, the insured, the amount of said verdict and judgment recovered by the father and mother of the injured minor for hospital and doctor bills and loss of service during the minority of the son?

## Discussion.

If Thomas Martin Ferguson had been twenty-one or more years of age at the time he received the bodily injuries, he alone would have been entitled to all the damages resulting therefrom. But since he was injured during his minority, it is contended upon the part of the plaintiff that the father and mother were entitled under the law to recover for the loss of service during the minority of said minor as well as for the hospital and doctor expenses. Counsel for the defendant casualty company contend that the liability of the insurer is to the person injured, whether that person be an adult or a minor, and that under the terms of said policy there is no liability to the parents of said minor for the expenses and loss of service.

Paragraph one of said policy insures the plaintiff "against loss from the liability imposed by law upon the assured for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered or alleged to have been suffered by any person or persons," etc. And we are of opinion that the amount of the verdict which the plaintiff in this action was called upon to pay is a liability such as was in the minds of the parties at the time of the execution of the contract of insurance. It was imposed by law and it resulted from bodily injuries suffered as a result of the negligent operation of the insured truck. There is no provision in the policy which limits the payment of damages to the person injured. The policy provides against loss from all damages on account of bodily injury, and hospital bills and doctor's charges and loss of earnings during minority are recognized as proper items of damages in trespass actions in Pennsylvania. If the contention of the defendant company is sustained, then there is no liability under the policy in question, even though the minor were injured at an earlier age and required the services of physicians, surgeons and nurses through a long period of years before reaching his majority. This position seems unsound and not warranted by the provisions of said policy. Had the insurer intended to be relieved of such liability the same would have been provided for in easily understood terms. The language of this policy clearly imposes liability upon the insurer for all damages resulting from injuries such as resulted in this case, whether the same be payable for the use of the minor or to the parents in their own right, for expenses necessarily incurred as a result of said accident.

It is further argued on the part of the defendant company that such liability was not intended by the party defendant, for the reason that in paragraph four of said policy it is provided as follows: "To pay for such immediate medical and surgical relief as is imperative at the time of the accident except for injuries to the assured." We cannot agree with this position for the reason that this paragraph imposes liability for all medical and surgical relief necessary at the time of the accident, whether the injured had a right to recover or is himself negligent, and under the law not entitled to recover for loss of earning power, doctor bills or other expenses. This paragraph supports the conclusion that the first paragraph imposes liability for all items of damages properly allowed by law and supplements the legal

rule of damages by adding all surgical and medical expenses imperative at the time of the accident.

The parties plaintiff had a right to sue in one action, as provided by section one of the Act of May 12, 1897, P. L. 62, which reads as follows:

"Whenever any injury, not resulting in death, shall be wrongfully inflicted upon the person of a child, and the right of action for such wrongful injury accrues to the child and also to the parent, these two rights of action shall be redressed in only one suit, brought in the names of the parent and the child."

It will be seen that both of these rights of action which now must be brought in one suit result from the bodily injuries sustained by the child. These injuries to the child lead to damages both to the child and to the parents.

In Mulvey v. City of Boston, 197 Mass. 178, the Supreme Court of Massachusetts held as follows:

"The first question to be determined is whether the husband's action is for an injury to the person of the plaintiff, and we think it is broad enough to include all actions of tort founded on injuries to the person of any one in such relations to the plaintiff that the injury caused his damages."

If the language of the contract under consideration was subject to doubt, the same would have to be resolved in favor of the insured, as was held in Hillman Transportation Co. v. Home Insurance Co., 268 Pa. 547, 552: "In the first place, a marine insurance policy, as is the case of other insurance policies, will be given a liberal construction in favor of the insured and all doubts resolved in his favor."

And, again, in Nusbaum v. Hartford Fire Insurance Co., 276 Pa. 526, 529:

"While its language as to this feature of liability is not entirely clear, it must be borne in mind that the policy was prepared by the company and doubts in construction of the language should be resolved in favor of the insured."

Other cases supporting this conclusion are Teutonia Insurance Co. v. Mund, 102 Pa. 89, and Buckley v. Garrett, 47 Pa. 204.

Paragraph one of the policy providing that the insurer shall indemnify the insured "against loss from the liability imposed by law upon the assured" warrants us in concluding that the defendant, American Casualty Company, is liable to the plaintiff, the Penn Cress Ice Cream Company, for the amount of damages which the plaintiffs, Finley L. Ferguson and May Ferguson, have recovered against the Penn Cress Ice Cream Company resulting from the bodily injuries to the said Thomas Martin Ferguson, which have been paid by the Penn Cress Ice Cream Company, said damages including doctors', surgeons', and hospital bills as well as for services during minority.

## Judgment.

It is hereby ordered, adjudged and decreed that judgment on the case stated to No. 49 March T., 1927, be and the same is hereby entered in favor of the plaintiff, the Penn Cress Ice Cream Company, and against the defendant, The American Casualty Company of Reading, Pennsylvania, in the sum of $1405.92, which includes the amount originally recovered against the plaintiff in said action, to wit, $1293.59, with interest from May 20, 1929, to this date.                  From Robert W. Smith, Hollidaysburg, Pa.