JAMES CUNNINGHAM & others *vs.* COMMONWEALTH & another.

Suffolk.     February 3, 4, 1932. — March 1, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Limitations, Statute of.    Bond,* Public Work.

The limitation of time specified by St. 1929, c. 111, amending G. L. c. 30, § 39, was applicable to and barred a suit in equity commenced in 1930 under that statute by a laborer who had worked upon a highway constructed under a contract between a contractor and the Commonwealth and who had ceased to work in 1924 and had filed a statement of his claim with the department of public works previous to the completion of the construction by the contractor in 1925: he had a reasonable opportunity to enforce his rights as they existed when the amendment was approved between that date and the date when it took effect.

BILL IN EQUITY, under G. L. c. 30, § 39, in the amended form appearing in St. 1929, c. 111, filed in the Superior Court on December 3, 1930.

An intervening petition was filed on June 23, 1931.  The suit was referred to a master.  Material facts appear in the opinion.  By order of *Fosdick,* J., there were entered interlocutory decrees confirming the master's report and a final decree dismissing the bill.  The plaintiffs appealed.

*J. I. Robinson, A. L. Sherin, & G. L. Burke,* for the plaintiffs, submitted a brief.

*J. J. Mahan,* for the defendant McCormick, submitted a brief.

*J. E. Reagan,* for American Indemnity Company.

SANDERSON, J. This bill in equity, filed December 3, 1930, was brought under G. L. c. 30, § 39, in the amended form appearing in St. 1929, c. 111, against the Commonwealth of Massachusetts, the American Indemnity Company and Joseph McCormick by three creditors to recover the amount of their claims for labor from funds held by the Commonwealth, and in the event of a deficiency in such funds then the balance from the indemnity company. The labor was performed for subcontractors under the defendant McCormick, who in 1923 entered into a contract with the Commonwealth through its department of public works for the construction of a section of highway. A fourth creditor was allowed to intervene as petitioner on June 23, 1931. All four were employed by two partners who were subcontractors under one Maloof who had entered into a contract with McCormick for the performance of part of the work and given McCormick a bond. The bill was filed December 3, 1930. Answers of McCormick and the indemnity company set up the defences that the petitions are barred because not brought within one year after filing the claims, because the causes of action did not accrue within six years before the bringing of the petition and because of laches. All of the plaintiffs and the intervening petitioner ceased to perform labor in September, 1924. The contractor completed his work on June 30, 1925. All of the petitioners filed statements of their claims with the department of public works, two in December, 1924, and the last statement was filed in March, 1925. The master found that a stated sum was due each petitioner. The judge ruled upon the master's findings that the plaintiffs and intervening petitioner have each been guilty of laches. From a final decree dismissing the bill the plaintiffs appealed.

The contract between the Commonwealth and McCormick provided that the Commonwealth might retain money due the contractor for the payment of claims due for labor and materials filed with the department under G. L. c. 30, § 39. There is now a sum held by the Commonwealth,

which, with the bond given, constitutes the security required to be provided by the statute.

G. L. c. 30, § 39, as amended by St. 1922, c. 416, required the claimant to file a sworn statement of his claim "within sixty days after the completion of the work." It did not in terms fix the limit of time within which a petition to enforce such lien must be filed. The statute was amended by St. 1929, c. 111, approved March 11, 1929, by striking out the words "completion of the work" at the end thereof and inserting in their place the words "claimant ceases to perform labor or furnish labor or materials, and shall, within one year after the filing of such claim, file a petition in the superior court for the proper county to enforce his claim or intervene in a petition already filed; and the provisions of chapter two hundred and fifty-eight shall apply to such petitions."

It is established that a statute of limitations, because it relates to the remedy only, will apply to a cause of action existing at the time it is passed if sufficient time has been allowed between the passage of the act and the time for the new limitation to take effect to give opportunity to persons having such causes to bring their suits or actions. *Loring* v. *Alline,* 9 Cush. 68. *Mulvey* v. *Boston,* 197 Mass. 178, 181. *Tabolsky* v. *Crandon,* 259 Mass. 32. *E. S. Parks Shellac Co.* v. *Jones,* 265 Mass. 108, 112. *Maloney* v. *Brackett,* 275 Mass. 479. In *Mulvey* v. *Boston,* 197 Mass. 178, the plaintiff's cause of action was in tort for personal injuries suffered December 17, 1901. By the statute then in force (R. L. c. 202, § 2, Second) he might bring an action at any time within six years from the date the cause of action accrued. By St. 1902, c. 406, the statute of limitations was so amended as to require that "actions of tort for injuries to the person against counties, cities and towns, shall be commenced only within two years next after the cause of action accrues." This act was approved May 21, 1902. The writ was dated December 15, 1905. The court said at page 181: "Statutes of limitation relate only to the remedy, and they control future procedure in

reference to previously existing causes of action. This is the general rule in regard to such statutes, where they contain no language clearly limiting their application to causes of action arising in the future." In discussing the question whether the statute would be unconstitutional as applicable to previously existing causes of actions because in some such cases two years may have elapsed before the approval of the new act and the plaintiff's only opportunity to bring his action under the earlier statute would be the thirty-day period between the approval of the act and the time when it went into effect, the court held that the act was unobjectionable as applicable to previous causes of action on constitutional grounds because the thirty-day period allowed a reasonable time within which an action might be brought under the statute. For similar reasons the plaintiffs in the case at bar had reasonable opportunity in which to enforce any rights existing at the time of the approval of St. 1929, c. 111, by filing their petitions within the time elapsing between the approval of the statute and the time when it took effect. See G. L. c. 4, § 1, as amended. They failed to do that, and St. 1929, c. 111, is a bar to the maintenance of the petition.

Because of the conclusion here reached it is unnecessary to decide whether, apart from this statute, the claims would have been barred by laches.

*Decree dismissing the petition affirmed*
*with costs to each defendant.*