MASSACHUSETTS GENERAL HOSPITAL *vs.* ALLESANDRO
GRASSI & another [1].

Suffolk.    March 7, 1969. — May 5, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Rules of Court.   Practice, Civil,* Dismissal of action.   *Notice.*

Rule 43A of the Rules of the Municipal Court of the City of Boston for
Civil Actions (1952), as amended on June 27, 1967, effective October 1,
1967, relating to dismissal of pending cases for want of prosecution,
was within the authority of that court, and the period between adoption
of the amendment and its effective date was sufficient for affected
parties to take appropriate action.   [3]

An order denying the plaintiff's motion for judgment in an action of
contract pending in the Municipal Court of the City of Boston must be
reversed and an order entered that the motion be heard anew where it
appeared that the denial was based on Rule 43A of the rules of that
court for civil actions, relating to dismissal of actions for want of
prosecution within six years, that no proceedings of any nature were
taken following commencement of the action in 1960 and default of
the defendants several days later until filing of the motion in 1968,
that for seven years after commencement of the action Rule 43A had
been confined to cases pending for over twenty years, that in 1967
Rule 43A was amended to apply to cases pending for over six years,
and that the plaintiff did not receive any personal notice of the amend-
ment and apparently was unaware of it, although it had been posted
by the clerk of court.   [4]

CONTRACT.   Writ in the Municipal Court of the City of
Boston dated June 28, 1960.

A motion for judgment was heard by *Gorrasi*, J.

*Albert G. Tierney, Jr. (Peter V. Kent & Colette Manoil*
with him) for the plaintiff.

---

[1] Lina Grassi.

WILKINS, C.J.   This action of contract, returnable on July 23, 1960, was brought to recover for hospital and medical services rendered to the female defendant.   The defendants were served and on July 26, 1960, were defaulted for failure to appear and answer.[1]   A real estate attachment was made.   On June 12, 1968, the plaintiff filed a motion for judgment which was heard on July 30, 1968.   The motion was denied on the same day pursuant to Rule 43A of the Rules of the Municipal Court of the City of Boston for Civil Actions (1952), as amended on June 27, 1967, effective October 1, 1967.   G. L. c. 218, § 50.

This rule provides: "Any case that has been pending in this court for over six years in which the parties have never brought the proceedings to final judgment as a matter of record and in which no proceedings of any nature have been taken within six years shall be dismissed.   Said dismissal shall have the same effect as an entry of judgment for the defendant and shall be without costs."   Before the amendment Rule 43A was confined to "[a]ny case . . . pending . . . for over twenty years . . . in which no proceedings . . . have been taken within six years . . . ."

The plaintiff received no notice of dismissal from the court and apparently was unaware of the amendment.

The Appellate Division dismissed a report, and the plaintiff appealed.

Broadly speaking, a court, even in the absence of a statute or rule, has discretionary power to dismiss an action which the plaintiff has failed to prosecute with diligence.   This is a necessary incident to the right and the duty to keep the judicial system in efficient operation.   It is clearly reasonable.   *Bancroft* v. *Sawin*, 143 Mass. 144, 146.   See 167 A. L. R. 1062; 24 Am. Jur. 2d, Dismissal, Discontinuance, and Nonsuit, § 59, pp. 49–50.

In *Cheney* v. *Boston & Maine R.R.* 246 Mass. 502, Rule 63 of the Superior Court (1915) relating to dismissals was considered.   In the opinion of the court Rugg, C.J., said

---

[1] The case did not go to judgment because no military affidavit was filed.

(p. 506): "That rule . . . had the effect of law and was binding on court and parties. *Everett-Morgan Co.* v. *Boyajian Pharmacy*, 244 Mass. 460. It is within the power of the Superior Court to provide by general rule or in any other appropriate way for the dismissal of cases from its records when the plaintiff fails to prosecute his action within a reasonable time." The Municipal Court did not exceed its authority in adopting this rule.

With respect to the time allowed counsel to act, there is an analogy in cases relating to shortening statutes of limitation. For example, in *Loring* v. *Alline*, 9 Cush. 68, Chief Justice Shaw, on behalf of the court, stated (p. 71), "Indeed, we think it the common practice, and open to no objection, in passing a statute of limitation, to make it apply as well to causes of action which have already accrued, as to those which may afterwards accrue, if sufficient time be allowed, between the passing of the act and the time fixed for the limitation, to afford a full and ample time to all persons, having such causes of action, to commence their suits."

Again, in *Mulvey* v. *Boston*, 197 Mass. 178, there was the question of the effect of shortening the limitation for bringing tort actions against municipalities from six to two years. In the court opinion by Knowlton, C.J., it was said (p. 181), "Statutes of limitation relate only to the remedy, and they control future procedure in reference to previously existing causes of action." (P. 182) "A statute declaring that a period already elapsed should bar an action upon a contract would be an arbitrary destruction of contractual rights, and would be unconstitutional. . . . But if a reasonable time is allowed within which an action may be brought after the passage of the statute, the act is unobjectionable." See *Colby* v. *Shute*, 219 Mass. 211, 215–216; *Cunningham* v. *Commonwealth*, 278 Mass. 343, 345. See also *Greenaway's Case*, 319 Mass. 121, 123. We are of opinion that three months between adoption of the rule and its effective date allowed a sufficient period for affected parties to take appropriate action.

The real question is the adequacy of the notice. No

case on the sufficiency of notice as to amendment of rules of court has come to our attention. The action of contract, when entered, was not subject to dismissal under Rule 43A until July 23, 1980. After October 1, 1967, this period was antedated fourteen years to July 23, 1966. The plaintiff received no personal notice. It appears from the opinion of the Appellate Division that "the usual practice of the Clerk of this court was to post any change in the Rules in the Clerk's office." It is not stated that this practice was followed in this case, but the plaintiff has not contended otherwise, and we infer that such notice by posting was in fact made. Such posting must have been made during the summer.

The opinion of the Appellate Division states that it is unreasonable to expect the clerk to give personal notice in all cases that fall within the rule. But by Rule 85 of the Superior Court (1954) the clerk of that court is required to give notice "to every party" when cases are marked inactive, and so are started on the way to be eligible for dismissal. Notice to parties is a safe procedure where a rule change will have the effect of greatly limiting or foreclosing a party's right to act.

The order dismissing the report is reversed. The order denying the motion for judgment is to be reversed and the motion is to be heard anew.

*So ordered.*