PHILIP L. EVANS & another *vs.* BUILDING INSPECTOR OF PEABODY & another. March 30, 1977. The plaintiffs' action to restrain the use of residentially zoned land as an access road to an adjacent shopping center is barred by G. L. c. 40A, § 22, as appearing in St. 1970, c. 678. The statute of limitations imposed by c. 678 was made expressly applicable by § 2 to causes of action arising before the effective date of the statute as well as to those arising subsequently. (The reference in § 2 applying the "second" paragraph of G. L. c. 40A, § 22, to existing causes of action is obviously an error. It is clear that the first, rather than the second, paragraph of c. 40A, § 22, was intended to apply to actions arising before the effective date of the statute. Compare *Massachusetts Gen. Hosp.* v. *Cambridge,* 347 Mass. 519, 521 [1964].) The statute of limitations took effect ninety days after its enactment. Article 48 of the Amendments to the Constitution of the Commonwealth, The Referendum, I. G. L. c. 4, § 1. See *Horton* v. *Attorney Gen.* 269 Mass. 503, 511 (1929). A statute of limitations which forecloses existing causes of action is constitutional if litigants are afforded a rea-

sonable period before the statute's effective date to commence their actions. *Mulvey* v. *Boston,* 197 Mass. 178, 182 (1908). *Cunningham* v. *Commonwealth,* 278 Mass. 343, 345 (1932). *Brookline* v. *Carey,* 355 Mass. 424, 427 (1969). The ninety-day grace period provided by St. 1970, c. 678, allowed a reasonable time for affected persons to take appropriate action. See *Massachusetts Gen. Hosp.* v. *Grassi,* 356 Mass. 1, 3 (1969). The defendants were not required to show that the developer had *relied* on the building permit in constructing the road, since the reference to "reliance" in the statute does not apply to actions seeking "abandonment, limitation or modification of the use contemplated by [a] permit." The plaintiffs have not disputed the judge's finding that the access road was an improvement under the 1970 amendment to the statute under which it need only be demonstrated that the property was improved in accordance with the terms of the original building permit issued by a person authorized to issue such permits (the building inspector). Therefore, inquiry may not now be made into the source of the building inspector's authority to require the access road as a condition of obtaining the permit. The plaintiffs' other arguments are groundless.

*Judgment affirmed.*

The case was submitted on briefs.
*Nicholas J. Decoulos* for the plaintiffs.
*Marshall E. Harmon* for the defendants.