Michael J. Cioffi & another *vs.* Richard Guenther.

Worcester. November 10, 1977. — December 9, 1977.

Present: Hennessey, C.J., Braucher, Wilkins, Liacos, & Abrams, JJ.

*Limitations, Statute of. Due Process of Law,* Statute of limitations. *Medical Malpractice.*

The provisions of G. L. c. 231, § 60D, enacted by St. 1975, c. 362, § 5, barred an action brought by a minor plaintiff nearly a year after the effective date of the statute for a cause of action which accrued more than three years prior to the commencement of the action; the six-month period between the enactment of the statute and its effective date was sufficient time to allow the plaintiff to commence his action and was, therefore, not unconstitutional. [2-4]

Civil action commenced in the Superior Court on December 28, 1976.

A motion for summary judgment was heard by *Dimond, J.,* and a question of law was reported by him to the Appeals Court. The Supreme Judicial Court granted a request for direct review.

*Michael G. Tracy (Stephen A. Moore* with him) for the defendant.

*Charles F. Nayor (John F. Trefethen* with him) for the plaintiffs.

Braucher, J. This is an action by a minor plaintiff and his father for medical malpractice occurring on February 18, 1971, when the minor was nine years old. The action was brought on December 28, 1976, and the sole issue presented is whether it is barred by the statute of limitations, G. L. c. 231, § 60D, enacted by St. 1975, c. 362, § 5, ap-

proved June 19, 1975, amended by St. 1975, c. 634, § 1, and effective January 1, 1976, by St. 1975, c. 362, § 13. We hold that sufficient time was allowed, between the passing of the act and the time fixed for the limitation, for the commencement of the action. Hence the statute bars the action and is not unconstitutional.

A judge of the Superior Court denied the defendant's motion for summary judgment, and reported the question on the complaint, the motion for summary judgment and the stipulated facts. We allowed the plaintiffs' application for direct appellate review. The defendant, a surgeon, last treated the minor plaintiff on February 18, 1971, shortly after his ninth birthday. At least as early as July 24, 1975, the minor plaintiff's father consulted an attorney in connection with the subject matter of this action and a companion action against another doctor. The attorney is an experienced specialist in medical malpractice cases. We were assured at argument that no problem is presented of the plaintiffs' opportunity to discover the claim. Compare *Hendrickson* v. *Sears*, 365 Mass. 83 (1974) (legal malpractice), with *Pasquale* v. *Chandler*, 350 Mass. 450 (1966) (medical malpractice).

The statute of limitations governing actions for medical malpractice requires that the action be commenced within three years next after the cause of action accrues. G. L. c. 260, § 4. Before 1976 the three years began to run against a minor plaintiff only when he reached majority. G. L. c. 260, § 7. He reached majority at age eighteen. G. L. c. 231, § 85P, inserted by St. 1975, c. 315, § 1, effective January 1, 1974.

Effective January 1, 1976, notwithstanding G. L. c. 260, § 7, a claim such as the present one must be commenced within three years from the date the cause of action accrues. G. L. c. 231, § 60D.[1] The new provision is one short sec-

---

[1] "Notwithstanding the provisions of section seven of chapter two hundred and sixty, any claim by a minor against a health care provider stemming from professional services or health care rendered, whether in contract or tort, based on an alleged act, omission or neglect shall be com-

tion in eighteen pages of provisions relating to medical malpractice. In *Austin* v. *Boston Univ. Hosp.*, 372 Mass. 654, 658 (1977), and *Paro* v. *Longwood Hosp.*, 373 Mass. 645, 647 n.3 (1977), we applied other provisions of St. 1975, c. 362, to preexisting causes of action. "Statutes of limitation relate only to the remedy, and they control future procedure in reference to previously existing causes of action." *Mulvey* v. *Boston*, 197 Mass. 178, 181 (1908), and cases cited. We have applied this principle to a shortened statute of limitations for medical malpractice actions. *Maloney* v. *Brackett*, 275 Mass. 479, 481 (1931). *Tabolsky* v. *Crandon*, 259 Mass. 32 (1927).

A shortened statute of limitations may be applied to causes of action already accrued "if sufficient time be allowed, between the passing of the act and the time fixed for the limitation, to afford a full and ample time to all persons, having such causes of action, to commence their suits." *Loring* v. *Alline*, 9 Cush. 68, 71 (1851). The requirement is that "a reasonable time is allowed within which an action may be brought after the enactment of the statute." *E.S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 112 (1928), and cases cited. What is a reasonable time is to be determined by the Legislature, "unless the time allowed is manifestly so insufficient that the statute becomes a denial of justice." *Mulvey* v. *Boston*, 197 Mass. 178, 183 (1908), quoting *Wilson* v. *Iseminger*, 185 U.S. 55, 63 (1902).

This much is common ground. The sole question argued to us is whether the six months from June 19, 1975, when § 60D was approved, to January 1, 1976, when it took effect, was a reasonable time to commence the present action. There is no ambiguity in the statute. See *E.B. Horn Co.* v. *Assessors of Boston*, 321 Mass. 579, 582-583 (1947). The question is whether the statute is unconstitutional because it did not allow a reasonable time to bring the action. The

menced within three years from the date the cause of action accrues, except that a minor under the full age of six years shall have until his ninth birthday in which the action may be commenced."

time between the enactment of a statute and its effective date was held to be reasonable in *Mulvey* v. *Boston,* 197 Mass. 178, 182-185 (1908) (thirty days), *Cunningham* v. *Commonwealth,* 278 Mass. 343, 346 (1932) (ninety days), and *Evans* v. *Building Inspector of Peabody,* 5 Mass. App. Ct. 805 (1977) (ninety days). See *Massachusetts Gen. Hosp.* v. *Grassi,* 356 Mass. 1, 3 (1969) (rule of court, three months).

The plaintiffs contend that the statute is a denial of justice as it applies to a minor aged thirteen, citing *Gaudette* v. *Webb,* 362 Mass. 60, 72 (1972). This contention has force, but it should be addressed to the Legislature. The Legislature may assume "that the interest of minors will be protected by their guardians, or by others who are near to them." *Sweet* v. *Boston,* 186 Mass. 79, 82 (1904). Cf. *Hill* v. *Arnold,* 199 Mass. 109, 111-112 (1908), quoting *Hall* v. *Bumstead,* 20 Pick. 2, 8 (1838).

The plaintiffs also contend that a requirement of immediate suit would frustrate the purpose of the 1975 legislation to discourage frivolous claims. See *Austin* v. *Boston Univ. Hosp.,* 372 Mass. 654, 655 n.4 (1977). Again the contention has force, but again it should be directed to the Legislature. The complaint in the present action confirms our observation in *Mulvey* v. *Boston,* 197 Mass. 178, 183 (1908): "The bringing of an action on such a claim is not a matter of complication, but is a very simple proceeding that requires no considerable time." Substantiating the claim may be a matter of complication, and it might well be wise to permit deferral of suit until the facts have been investigated. But this is a question of wisdom rather than a question of constitutional requirement. We think it has not been demonstrated that the statute is unconstitutional as applied to the present case.

The reported question is answered as follows: the shortened statute of limitations applies to the present case and bars it, and is constitutional as so applied. The case is remanded to the Superior Court, where the defendant's motion for summary judgment is to be allowed.

*So ordered.*