JOSEPH A. MESSERE *vs.* ROBERT MURPHY (and two companion cases[1]). Nos. 90-P-789, 90-P-790, & No. 90-P-832. February 7, 1992. *Limitations, Statute of.*

The plaintiff was convicted of murder in the second degree by a jury on June 17, 1981, and is now incarcerated at the Massachusetts Correctional Institution, Cedar Junction. The defendants Murphy and Rafferty are law enforcement officers who investigated the crime for which the plaintiff was convicted. The Cerasulos were witnesses for the prosecution at the plaintiff's criminal trial. The plaintiff brought three separate actions (each against a different defendant or defendants) in the Superior Court, combined for purposes of this appeal, all of which alleged the same basic facts and theories of recovery. Invoking provisions of the United States Constitution and the Massachusetts Declaration of Rights, see G. L. c. 12, §§ 11H and 11I, the plaintiff asserts that the defendants conspired to withhold crucial evidence, to give false testimony, and to intimidate other potential witnesses, thereby depriving him of his civil rights. The first complaint was filed on December 19, 1989, eight years after his conviction, and the others shortly thereafter. The judge dismissed all three cases pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), without indicating the basis of his decision. We conclude that the plaintiff's actions are time-barred, and, therefore, we affirm.

1. The statute of limitations governing civil rights claims requires that the action be commenced within the three years following the date when

---

[1]Joseph A. Messere *vs.* Vincent Rafferty, and Joseph A. Messere *vs.* Ronald A. Cerasulo and Donna Cerasulo.

the cause of action accrues. G. L. c. 260, § 5B. While the plaintiff's complaints and the arguments he advanced below in opposition to the motions to dismiss are admittedly ambiguous with regard to a precise date when he knew or should have known of the alleged conspiracy, the plaintiff's criminal trial, conviction, and incarceration certainly were "event[s] likely to put [him] on notice" of the alleged wrongs. *Flynn* v. *Associated Press*, 401 Mass. 776, 780 (1988), and cases cited. Moreover, we find implausible any contention that his allegations fall within the limited class of "inherently unknowable wrongs" that do not accrue until actual discovery. *Id.* at 781-782. Therefore, any argument that the plaintiff's claims are still within the applicable limitations period is meritless.

2. Historically, prisoners received the benefit of the general tolling provision, G. L. c. 260, § 7. The Legislature, however, removed prisoners from the tolling statute by St. 1987, c. 198, on July 2, 1987. The act did not include an emergency preamble and therefore became effective ninety days later on September 30, 1987. See G. L. c. 4, § 1; *Opinion of the Justices*, 368 Mass. 889, 891 n.4 (1975). Since the plaintiff's claims had long since accrued and he failed to file his actions within the ninety day "window" period, his claims became time-barred on that date.

The plaintiff raises a number of objections to the result visited upon him. The pertinent inquiry, however, is clear: "A shortened statute of limitations may be applied to causes of action already accrued 'if sufficient time be allowed, between the passing of the act and the time fixed for the limitation, to afford a full and ample time to all persons, having such causes of action, to commence their suits.' " *Cioffi* v. *Guenther*, 374 Mass. 1, 3 (1977), quoting from *Loring* v. *Alline*, 9 Cush. 68, 71 (1851). The legislative determination of what is a reasonable time may only be successfully challenged if "the time allowed is manifestly so insufficient that the statute becomes a denial of justice." *Mulvey* v. *Boston*, 197 Mass. 178, 183 (1908), quoting from *Wilson* v. *Iseminger*, 185 U.S. 55, 63 (1902). We see no principled distinction between shortening a statute of limitations or, as here, deleting a particular class of persons from the tolling statute. Compare *Cioffi* v. *Guenther*, 374 Mass. at 2-3 (removal of minors from general tolling provision for purposes of medical malpractice actions upheld; see G. L. c. 231, § 60D). Contra *Zuck* v. *State*, 159 Ariz. 37, 40-42 (Ct. App. 1988).

The plaintiff's complaint and the other pleadings are barren of any verified allegation which supports his position that the ninety days was so insufficient as to rise to the level of a constitutional violation. Just as many previous cases have held, we hold under the circumstances of this case that ninety days was an adequate period of time for the plaintiff to initiate his six year old claims. See *Mulvey* v. *Boston, supra* (thirty days); *Cunningham* v. *Commonwealth*, 278 Mass. 343, 346 (1932) (ninety days); *Massa-*

*chusetts Gen. Hosp.* v. *Grassi*, 356 Mass. 1, 3 (1969) (rule of court, three months); *Evans* v. *Building Inspector of Peabody*, 5 Mass. App. Ct. 805 (1977) (ninety days). Cf. *Ford* v. *Commissioner of Correction*, 27 Mass. App. Ct. 1127 (1989). Contrast *Anderson* v. *Phoenix Inv. Counsel of Boston, Inc.*, 387 Mass. 444, 455 (1982) (six days to file a G. L. c. 93A claim was insufficient).

3. The plaintiff's contentions that the removal of prisoners from the tolling statute deprived him of equal protection of the laws and that the motion judge was required to recuse himself are without merit.

*Judgments affirmed.*

*Joseph A. Messere*, pro se.
*Kim E. Perry*, Special Assistant Attorney General, for the defendants.