**Don J. GONSALVES, Plaintiff, Appellant,**

v.

**Peter FLYNN, et al., Defendants, Appellees.**

**No. 92–1498.**

United States Court of Appeals, First Circuit.

Submitted July 14, 1992.

Decided Dec. 11, 1992.

---

Don J. Gonsalves on brief, pro se.

Robert E. McCarthy, East Bridgewater, on brief, for defendants, appellees.

Before SELYA, CYR and BOUDIN, Circuit Judges.

PER CURIAM.

Plaintiff Don J. Gonsalves, a Massachusetts inmate, appeals the dismissal of his complaint as barred by the statute of limitations. We affirm.

I.

The relevant dates of the events which gave rise to this action are not in dispute. Gonsalves entered the Plymouth County House of Correction on January 12, 1985. He was placed in an isolation cell on January 25. He was allegedly assaulted by five of the seven defendants on March 16, 1985.[1] On April 30, 1985, Gonsalves escaped while being transported for medical treatment. He was arrested in Washington on April 12, 1986, where he remained in prison until June 4, 1988. He was then returned to Massachusetts. On July 9, 1988, Gonsalves was reincarcerated at the Plymouth County House of Correction. He filed the instant complaint on October 25, 1988. The district court appointed counsel to represent Gonsalves and two amended complaints were filed. The last of these raised claims for assault and battery, intentional infliction of emotional distress, and violations of Gonsalves' state and federal civil rights resulting from his wrongful detention in isolation and the March, 1985 beating.

Each defendant raised the statute of limitations as an affirmative defense. On February 24, 1992, the district court ordered the parties to brief the issue of whether Gonsalves' claims were barred by the statute of limitations and the effect of Gonsalves' escape on any applicable tolling provision. When Gonsalves' claims accrued in March–April 1985, Massachusetts law recognized imprisonment as a condition that would toll the three-year statute of limitations that generally applied to tort actions under M.G.L. c. 260, § 2A.[2] After Gonsalves' claims accrued and before he filed suit, the Massachusetts legislature amended M.G.L. c. 260, § 7 by deleting imprison-

---

1. These five are Plymouth corrections officers Paul Gavoni, Robert Rosetti, John Cardinal, Frank Vernazzaro and Chris Wallace. The remaining defendants—Ronald Kumm and Peter Flynn—are sued in their supervisory capacities.

2. The tolling provision then in effect, M.G.L. c. 260, § 7, provided:

If the person entitled thereto is a minor, or is insane or imprisoned when a right to bring an action first accrues, the action may be commenced within the time hereinbefore limited after the disability is removed.

ment as a disabling condition that would prevent the limitations period from running. *See* St.1987, c. 198. That amendment took effect on September 30, 1987, ninety days after the amendment was passed.

Mindful of this history, the defendants argued that Gonsalves' suit was time-barred because it was filed more than three years after his claims accrued and his imprisonment did not toll the limitations period under the amended tolling statute. In support of this contention, the defendants relied on *Street v. Vose*, 936 F.2d 38, 39 (1st Cir.1991) (per curiam) (upholding *sua sponte* dismissal of complaint as frivolous under 28 U.S.C. § 1915(d), where claim was barred by the statute of limitations and tolling did not apply). In *Street*, we rejected the plaintiff's contention that the amendment deleting imprisonment as a tolling condition was unconstitutional and/or did not apply to him, reasoning that Massachusetts law compelled a contrary result.

The district court dismissed Gonsalves' complaint. After expressing uncertainty as to whether *Street* "established a bright line rule applicable to all suits" or was limited to its facts, the court determined that Gonsalves' claims were time-barred even if the former tolling statute applied, because Gonsalves' escape started the limitations period running and his subsequent reincarceration did not stop it. Gonsalves appeals from this order. We affirm on an alternative ground; in our view this case is controlled by *Street*. Consequently, Gonsalves' claims are time-barred.

## II.

■ On appeal, Gonsalves, now pro se, reiterates the same arguments raised by his counsel below. First, he contends that the tolling statute in effect when his cause of action accrued applies to this case and

that the Massachusetts legislature's subsequent repeal of imprisonment as a tolling condition does not operate "retroactively" to bar his claims. Citing such cases as *Carter v. Supermarkets General Corp.*, 684 F.2d 187, 191 n. 10 (1st Cir.1982); *Kadar v. Milbury*, 549 F.2d 230, 234 (1st Cir.1977); and *Image & Sound Service Corp. v. Altec Service Corp.*, 148 F.Supp. 237, 240 (D.Mass.1956), Gonsalves asserts that "[i]t is black-letter law that the timeliness of a cause of action is ordinarily governed by the limitations period, along with any applicable tolling provisions, which existed at the time the Plaintiff's cause of action accrued." Second, Gonsalves argues that even if the amendment repealing imprisonment as a disability applies, it did not trigger the three-year limitations period until it took effect on September 30, 1987. Under this theory, Gonsalves had until September 30, 1990 to file suit and his October 1988 complaint would be timely. A contrary holding, Gonsalves says, would violate federal law. Both contentions overlook the fundamental principle that it is state law, not federal law, which determines the applicable limitations period and coordinate tolling rules. *See, e.g., Hardin v. Straub*, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000–01, 104 L.Ed.2d 582 (1989).

"In a § 1983 action, ... Congress has specifically directed the courts, in the absence of controlling federal law, to apply state statutes of limitations and state tolling rules unless they are 'inconsistent with the Constitution and laws of the United States.'" *Chardon v. Fumero Soto*, 462 U.S. 650, 661, 103 S.Ct. 2611, 2618, 77 L.Ed.2d 74 (1983) (quoting 42 U.S.C. § 1988). The cases Gonsalves cites turned on applicable *state* law, rather than the abstract principles Gonsalves posits as a matter of *federal* law.[3] Thus, in *Kadar*,

---

3. Cases such as *C.P.I. Crude, Inc. v. Coffman*, 776 F.2d 1546, 1551 (Temp.Emerg.Ct.App.1985), suggest that federal courts borrowing state statutes of limitations should, as a matter of federal law, use the state statute in effect when the federal cause of action accrued. A corollary principle would look to the state tolling law then in effect. We decline to fashion such a

federal common law rule in this case. We have found no authority for applying such a principle in a section 1983 case. To do so runs counter to the Supreme Court's direction to apply state statutes of limitations and tolling rules in civil rights actions as "binding rules of law." *Board of Regents v. Tomanio*, 446 U.S. 478, 484, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1979).

we upheld the dismissal of part of a § 1983 complaint as to four defendants on timeliness grounds. In so doing, we applied the two-year limitations period in effect when the plaintiff's cause of action arose in 1971–72 because state law expressly provided that the new, three-year limitations period embodied in M.G.L. c. 260, § 2A applied to causes of action arising on and after January 1, 1974. As Kadar's claims largely arose before then, they were time-barred. *See Kadar,* 549 F.2d at 234 n. 3. Similarly, in *Carter,* 684 F.2d at 190–91, we applied a six-month limitations period embodied in M.G.L. c. 151B, § 5 to the plaintiff's employment discrimination claim because we determined it to be the "most analogous" state law. To be sure, this six-month period was in effect when the plaintiff's cause of action accrued and we applied it in preference to a limitations period subsequently enacted in M.G.L. c. 151B, § 9, although we assumed that this two-year period *could* be applied retroactively under Massachusetts law. *See Carter,* 684 F.2d at 191 n. 9. We applied the six-month period over the two-year period because we determined the former was the most analogous,[4] not because it existed when the plaintiff's claims accrued.

Gonsalves asserts that courts which have considered the effect of a repeal of a tolling provision for imprisonment, *e.g., Vaughan v. Grijalva,* 927 F.2d 476 (9th Cir.1991), and *Henson–El v. Rogers,* 923 F.2d 51 (5th Cir.1991), have "uniformly held that such repeal does not affect the applicability of the tolling provision between the date of accrual of the cause of action and the effective date of the repeal." But, these cases also turn on borrowed state tolling rules. The result in *Vaughan*

was compelled by *Zuck v. Arizona,* 159 Ariz. 37, 764 P.2d 772 (App.1988). *See Vaughan,* 927 F.2d at 479. Similarly, in *Henson–El,* 923 F.2d at 52–53, the Fifth Circuit affirmed the dismissal of an inmate's § 1983 suit as time-barred even though, under Texas law, the plaintiff's imprisonment tolled the limitations period up to the effective date of an amendment deleting imprisonment as a tolling condition. That amendment expressly provided that "a period of disability before the effective date of this Act during which a person was under a legal disability because of imprisonment is not affected by this Act." *Id.* at 52. No such savings clause attended the Massachusetts statute deleting imprisonment as a tolling condition.

■ To sum up, then, imprisonment no longer tolls the statute of limitations with respect to federal civil rights actions filed in Massachusetts after the effective date of the tolling amendment (September 30, 1987).[5] That is the teaching of *Street,* plain and simple. The principle may be applied as a bright line rule in those prisoners' civil rights cases filed after September, 1987 with respect to claims that accrued earlier. This result is compelled by Massachusetts law, which generally holds that, "[i]f the point in the proceedings to which the statutory change is applicable has already passed, the proceedings are not subject to that change. If ... that point has not yet been reached, the new provisions apply." *Porter v. Clerk of Superior Court,* 368 Mass. 116, 330 N.E.2d 206, 208 (1975). Gonsalves did not file his complaint until October, 1988, approximately thirteen months after the tolling amendment was passed. Therefore, the amendment applies to his case. As Gonsalves' suit was filed

---

**4.** This holding was overruled by *Burnett v. Gratton,* 468 U.S. 42, 50–55, 104 S.Ct. 2924, 2929–32, 82 L.Ed.2d 36 (1984) (holding six-month limitations period for state administrative proceedings to be an inappropriate period for civil rights actions). *See Rowlett v. Anheuser–Busch, Inc.,* 832 F.2d 194, 198 (1st Cir.1987).

**5.** This does not foreclose prisoners from arguing that the tolling amendment is unconstitu-

tional as applied to them. Where such an argument is made, the plaintiff must show that the ninety-day window left by the amendment, under the circumstances of the prisoner's case, was " 'manifestly so insufficient that the statute becomes a denial of justice.' " *Cioffi v. Guenther,* 374 Mass. 1, 370 N.E.2d 1003, 1005 (1977) (citation omitted).

more than three years after his claims accrued and he is not entitled to tolling, his complaint is time-barred. *Compare Riley v. Presnell*, 409 Mass. 239, 565 N.E.2d 780, 788 n. 3 (1991) (holding *former* tolling statute applied to malpractice action filed in 1985 because complaint and answer had been filed before amendment became law).[6]

Gonsalves contends that federal law prohibits the "retroactive" application of this amendment to extinguish his previously accrued causes of action. Specifically, he says that under federal law a statute is applied prospectively unless a contrary intent is clearly stated. The argument again mischaracterizes the applicable law. Under Massachusetts law, the opposite principle obtains. *See, e.g., Anderson v. Phoenix Investment Counsel of Boston, Inc.*, 387 Mass. 444, 440 N.E.2d 1164, 1170 (1982); *Mulvey v. Boston*, 197 Mass. 178, 83 N.E. 402 (1908) (applying general rule that statutes of limitation control future procedure with regard to previously existing causes of action unless specific language clearly limits their application to causes of action arising in the future). We applied this tenet to the tolling amendment in *Street*, seeing "no principled distinction between shortening a statute of limitations ... [and] deleting a particular class of persons from the tolling statute." *Messere v. Murphy*, 32 Mass.App.Ct. 917, 585 N.E.2d 350, 352 (1992) (holding prisoner's civil rights complaint was time-barred where claims accrued before tolling amendment and suit was filed after amendment's "ninety-day 'window'" had expired).

Federal law does not dictate a contrary result. Gonsalves overlooks the fact that the tolling amendment is being applied *prospectively* to a suit filed after its enactment. Gonsalves further contends that the

tolling amendment may not be applied unless it satisfies the retroactivity test of *Chevron Oil v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). *Chevron Oil* speaks to the retroactivity of federal decisional law. It does not apply to the issues raised by this appeal. Rather, absent a showing that it would lead to a result inconsistent with the policies behind 42 U.S.C. § 1983—which has not been made here—Massachusetts law controls.

 Gonsalves' one-sentence argument that the amended tolling statute was unconstitutional as applied to him is not sufficient to preserve this issue on appeal. *See, e.g., United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.), 494 U.S. 1082, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990). This is especially so because any such claim depends on the application of general standards to particular facts and a showing how, on the particular facts, the tolling amendment has operated unconstitutionally. We note in passing, however, that the ninety-day window allowed by the Massachusetts amendment did not govern Gonsalves' claim in this instance for his claim did not expire until some months after the amendment became effective in September 1987.

*Judgment affirmed.*

---

**6.** In *Riley*, the Massachusetts Supreme Judicial Court held a second 1987 amendment to the tolling statute, (St.1987, c. 522, § 19), which substituted incapacitating mental illness for insanity in enumerating the tolling conditions, did not apply. Rather, the court applied the tolling statute in effect when the plaintiff brought suit. That is the relevant time by which to determine the applicable statute of limitations and coordinate tolling law, not the time of accrual.