Garsh, J.
The plaintiff, The Bugatti, Inc. (“Bugatti”), seeks recovery from the defendant, Boston Water and Sewer Commission (“BW&SC”), for damages to its premises arising from the alleged negligence of BW&SC in its maintenance, operation, supervision, and control of the water and/or sewer system. BW&SC now moves for summary judgment on the grounds that Bugatti failed to present its claims pursuant to G.L.c. 258, §4. In response, Bugatti asserts that this action is not subject to the presentment requirement of G.L.c. 258, §4 because its cause of action against BW&SC accrued prior to BW&SC becoming a “public employer” within the meaning of the Massachusetts Tort Claims Act. Alternatively, Bugatti argues that its presentment to the Mayor of the City of Boston satisfies any presentment that might be required by chapter 258. For the reasons set forth below, BW&SC’s motion for summary judgment is allowed.
*228 BACKGROUND
Bugatti, an importer and manufacturer of finished leather goods, alleges that it sustained property damage on April 21, 1991, when water entered its leased premises. The plaintiff claims that BW&SC’s negligence in maintaining water and catch water runoff pipes was one cause of its injury or harm.
Bugatti did not present its claim against BW&SC in writing to the Executive Director of BW&SC. Bugatti did, by counsel, send a presentment letter to other public employers named as defendants.. With respect to the City of Boston, Bugatti made presentment by way of a letter to then Mayor Flynn dated March 16, 1993. Bugatti filed its complaint on April 19, 1994.
DISCUSSION
The Massachusetts Torts Claim Act requires a plaintiff, as a condition precedent to filing a tort action against a public employer, to “present" its claim, in writing, within two years of the date upon which the cause of action arose. G.L.c. 258, §4. A claimant then must wait for the public employer to deny the claim before filing a court action. G.L.c. 258, §4. If the executive officer does not reply within six months of the date of presentment, the claim is deemed denied. Id. In addition, G.L.c. 258, §4 requires that a tort action against a public employer be commenced within three years from the date of accrual.
Presentment must be made in strict conformity with the statute. Weaver v. Commonwealth, 387 Mass. 43, 47 (1982). “Presentment ensures that the responsible public official receives notice of the claim so that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or non-meritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future.” Gilmore v. Commonwealth, 417 Mass. 718, 721-22 (1994).
I. Applicability of G.L.c. 258, §4 and G.L.c. 40N, §4
Chapter 258, §4 applies to “public employers" as that term is defined in G.L.c. 258, §1. When the accident occurred in 1991, commissions like BW&SC were excluded from the definition of a “public employer.”[2] Kargman v. Boston Water & Sewer Commission, 18 Mass.App.Ct. 51 (1984). However, the definition of “public employer” was amended by St. 1992, c. 243, §5, effective on passage by emergency preamble January 8, 1993, to include “a local water and sewer commission.” BW&SC is a local water and sewer commission.
Chapter 40N, the Model Water and Sewer Commission Act, was added by Section two of the same statute. St. 1992, c. 343, §2. Section 27 of that act provides that it may be accepted, in whole or in part, “in the case of an existing water and sewer commission, by its board of commissioners." Acting under the authority granted by Section 27, on January 20, 1993, BW&SC adopted Section 4(5)[3] of the Model Water and Sewer' Commission Act. That section provides, in pertinent part, that “the commission shall be deemed to be a public employer within the meaning of chapter 258.”
On January 8, 1993, when BW&SC became a “public employer” within the meaning of c. 258, §1, Bugatti’s claim already had accrued. At that point, Bugatti, who had not yet made presentment on any public employer, still had one hundred and three days to make presentment upon BW&SC within the two year time period. When BW&SC adopted Section 4(5) of the Model Water and Sewer Commission Act, Bugatti still had ninety-one days in which to make presentment within the two year time limitation. The three year statute of limitations on the underlying claim ran on April 21, 1994. Even if BW&SC had not responded to a presentment, the six month response waiting period would not have precluded Bugatti from filing a timely action against BW&SC.[4]
Statutes affecting substantive rights operate prospectively unless express retroactive intent is expressed by the legislature. See Yates v. General Motors Acceptance Corp., 356 Mass. 529, 531 (1969); Building Inspector v. Board of Appeals, 348 Mass. 453, 456 (1965). By contrast, remedial statutes regulating practice, procedure, and evidence generally are applied retroactively to complaints pending or not yet filed unless such statutes contain clear language limiting their application. See Anderson v. Phoenix Investment Counsel of Boston, Inc., 387 Mass. 444, 453-54 (1982); City Council v. Vinciullo, 364 Mass. 624, 628 (1974) (“[Statutes which are remedial or procedural should be deemed to apply retroactively to those pending cases which, on the effective date of the statute, have not gone beyond the procedural stage to which the statute pertains. This approach gives the broadest application to legislatively mandated procedural changes without subjecting each completed step in the course of a litigation to the uncertainly of possible future legislative changes”). The statutes at issue here contain no language limiting their application to causes of action that had not yet accrued.
A different situation would be presented if, on January 8, 1993, it would have been impossible for Bugatti to have complied with the presentment requirement. It would also be a different situation if an unreasonably short time had remained to make presentment. Anderson, 387 Mass. at 545. In Anderson, the Court found a change in the statute of limitations governing G.L.c. 93A claims to be unreasonable as applied to a plaintiff who would have had only six days in which to commence its action after the effective date of the statute and who would not have had enough time to make the required written demand for relief thirty days before filing. Id. at 455. On the other hand, in Mulvey v. Boston, 197 Mass. 178, 185 (1908), cited •with approval in Anderson, 387 Mass. at 454, the Court found that enforcement of a change in a statute *229 of limitations leaving only thirty days to bring a personal injury tort claim was reasonable. The Court reasoned that the plaintiff had knowledge of the availability of a claim; initiating the action was not a complicated process; there are important reasons for prompt presentation of such claims; the Legislature had found thirty days to be a reasonable time for commencing action under certain other statutes; and certain types of laws take effect thirty days after passage. Id. at 183-84.
Bugatti had significantly longer than thirty days to comply with the changes requiring presentment as a condition precedent to filing a complaint against BW&SC. Furthermore, like the plaintiff in Mulvey, Bugatti knew or should have known about the availability of a cause of action against BW&SC when that entity became a “public employer” within the meaning of c. 258; making the presentment required by G.L.c. 258, §4 is not a complicated process; the presentment requirement is supported by important policy reasons. Gilmore, 417 Mass. 721-22. Finally, the time that was available to Bugatti to make presentment is well within the time considered, in other contexts, to be reasonable. E.g., Massachusetts General Hospital v. Grassi, 356 Mass. 1, 3 (1969) (rule of court: three months); Cunningham v. Commonwealth, 278 Mass. 343, 345-46 (1932) (statute of limitations: ninety days); Mulvey at 185 (statute of limitations; thirty days).
Bugatti had a reasonable opportunity to make presentment upon BW&SC. There is, thus, no reason not to apply the presentment requirement to this action.
II. Presentment to Mayor of the City of Boston
Presentment must be made to an executive officer of the public employer. G.L.c. 258, §1 defines “executive officer” as:
the secretary of an executive officer of the commonwealth, or in the case of an agency not within the executive office, the attorney general;... the mayor of the city, . . . and, in the case of any other public employer, the nominal chief executive officer or board.
With respect to a claim against a city, presentment to the mayor is sufficient. G.L.c. 258, §4. “(T]he purpose of the presentment requirement is to allow the public employer to investigate a claim in full and to arbitrate, compromise or settle any such claim as it sees fit.” Holahan v. Medford, 394 Mass. 186, 189 (1986).[5]
BW&SC was created by chapter 436 of the Acts and Resolves of 1977 as an independent “body politic and corporate and political subdivision of the commonwealth.” Boston Water and Sewer Reorganization Act of 1977, St. 1977, c. 436, §3. Except as otherwise expressly provided, BW&SC is not subject to the supervision of any department, commission, board, bureau, or agency of the City of Boston. Id. Presentment to the mayor is not presentment to BW&SC because a claim against BW&SC is not a claim against the City.[6] Cf. Wolf v. Boston Water & Sewer Comm’n., 408 Mass. 490, 494 (1990) (plaintiff barred from recovery against BW&SC for failure to provide notice to BW&SC under G.L.c. 84, §18, even though notice was provided to City of Boston). Nothing in the Model Water and Sewer Commission Act or in the vote by BW&SC to adopt §4(5) of that statute renders BW&SC a subdivision of the City of Boston as Bugatti contends.
ORDER
In light of the foregoing, it is hereby ORDERED that the Boston Water and Sewer Commission’s motion for summary judgment be and hereby is ALLOWED.

As of April, 1991, Section 1 provided that “the Massachusetts Bay Transportation Authority, the Massachusetts Port Authority, the Massachusetts Turnpike Authority, or any other independent body politic and corporate” is not a public employer.

Section 4(5) of G.L.c. 258, §40N, adopted by BW&SC, provides as follows:
The commission shall be deemed to be a public employer within the meaning of chapter two hundred fifty-eight. The members, officers and employees of the commission shall be deemed public employees within the meaning of chapter two hundred fifty-eight. The commission shall be liable in tort for the defects in a public way to the same extent as a municipality under chapter eighty-four.

In its Memorandum in Opposition to BW&SC’s Motion for Summary Judgment, Bugatti argues that it would have been “impossible to comply with the newly imposed notice requirement” and that “even if the plaintiff had sent a 258 notice immediately after passage of the 1993 amendment, the statute of limitations would have expired, in April, 1994, before the six (6) month waiting period expired.” That premise is incorrect.

The letter sent by Bugatti is addressed to the Mayor, Commissioner, Department of Public Works, and the Massachusetts Water Resources Authority. It alleges that Bugatti was injured as a result of workers from the City of Boston or the Massachusetts Water Resources Authority digging up the sidewalk, catch basin, and catch basin area where rain runs off during a storm. The presentment letter does not assert that it was harmed by leaky and or defective waste water and catch water runoff pipes under a public way, the essence of the claim against BW&SC. See Plaintiffs Opposition to Defendant Boston Water & Sewer Commission’s Second Motion for Summary Judgment at 1, 2.

Indeed, the complaint alleges that BW&SC “is an independent body politic organized by special act of the General Court. . .”